**FILED**

OCT 3 0 2003

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAN K. VODA, M.D., | ) |
| Plaintiff, | ) |
| v. | ) Case No. _____ |
| | ) |
| CORDIS CORPORATION, | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendant. | ) |
| | ) |

**CIV-03-1512-L**

## COMPLAINT

Plaintiff Jan K. Voda, M.D. ("Dr. Voda") for his Complaint against the defendant Cordis Corporation ("Cordis") states as follows:

### Nature of the Action

1.    This action seeks to recover damages owed to Dr. Voda by Cordis as a result of Cordis's actions in making, selling and offering for sale products which infringe U.S. Patent Nos. 5,445,625, 6,083,213 and 6,475,195.

### The Parties

2.    Dr. Voda resides in Oklahoma City, Oklahoma. Dr. Voda is a cardiologist and has been designated a Fellow of the American College of Cardiology.

3.    Cordis is a corporation organized under the laws of the State of Florida and has a place of business in Miami, Florida. Cordis is in the business of making and selling medical devices, such as guiding catheters for use in coronary angioplasty.

### Jurisdiction and Venue

4.      This Court has subject matter jurisdiction over the claims and causes of action asserted in this complaint pursuant to at least 28 U.S.C. § 1338 because this matter involves the infringement of United States patents.

5.      Cordis is subject to personal jurisdiction in this Court by virtue of its actions in at least selling and inducing the use of certain medical products, including catheters, stents and related devices within this judicial District and the State of Oklahoma.

6.      Venue is appropriate in this district and division pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

### Background

7.      United States Patent No. 5,445,625 ("the '625 Patent") was issued on August 29, 1995 by the United States Patent and Trademark Office, based on an application filed by Dr. Voda on June 14, 1994, which claimed priority under 35 U.S.C. § 120 to an application filed on January 23, 1991. Dr. Voda owns the '625 Patent.

8.      United States Patent No. 6,083,213 ("the '213 Patent") was issued on July 4, 2000 by the United States Patent and Trademark Office, based on an application filed by Dr. Voda on May 13, 1997, which claimed priority under 35 U.S.C. § 120 to an application filed on January 23, 1991. Dr. Voda owns the '213 Patent.

9.      United States Patent No. 6,475,195 ("the '195 Patent") was issued on November 5, 2002 by the United States Patent and Trademark Office, based on an application filed by Dr. Voda on May 1, 2000, which claimed priority under 35 U.S.C. § 120 to an application filed on January 23, 1991. Dr. Voda owns the '195 Patent.

2

10.   The foregoing '625, '213 and '195 Patents (hereinafter, "Patents in Suit") generally relate to guiding catheters for performing angioplasty of the left coronary artery.

11.   On March 14, 2002, Dr. Voda contacted Cordis to bring the '625 and '213 Patents to Cordis's attention and to alert Cordis that he believed that its marketing of the XB series of guiding catheters infringed at least the '213 Patent.

12.   A series of correspondence between Dr. Voda and Cordis concluded on June 20, 2002 when Cordis refused to obtain a license or sublicense under the patents-in-suit.

## COUNT I

### Willful Patent Infringement

13.   Dr. Voda realleges, adopts and incorporates by reference the allegations included within paragraphs 1 through 12 above as if they were fully set forth herein.

14.   Cordis has commenced and continues acts of making, offering for sale and selling at least the XB guiding catheter, which is covered by the Patents in Suit, without Dr. Voda's authority.   Pursuant to 35 U.S.C. § 271, such acts constitute infringement of the Patents in Suit.

15.   Cordis commenced such acts of infringement despite knowledge of the Patents in Suit and despite having replicated the teachings of the Patents in Suit.

16.   Cordis's infringement of the Patents in Suit is willful.

17.   Dr. Voda has been damaged by Cordis's making, offering for sale and selling of at least the XB guiding catheter and will continued to be damaged.

### Requested Relief

WHEREFORE, Plaintiff, Dr. Voda, prays that this Court:

(a)     award Dr. Voda compensatory damages for Cordis's infringement of the Patents in Suit;

(b)     award enhanced damages resulting from the knowing, deliberate and willful nature of Cordis's illegal conduct, as provided in 35 U.S.C. § 284;

(c)     award reasonable attorneys' fees incurred by Dr. Voda, as provided in 35 U.S.C. § 285; and

(d)     award to Dr. Voda such other and further relief as this Court deems just and proper.

## Demand for Jury Trial

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues triable of right by a jury.

Respectfully submitted,

John A. Kenney, OBA # 4976
McAFEE & TAFT
A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103

OF COUNSEL
Mitchell G. Stockwell
Georgia Bar No. 682912
Aleta A. Mills
Georgia Bar No. 509449
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309
Telephone:  404-815-6500
Facsimile:  404-815-6555

Attorneys for Plaintiff Jan K. Voda, M.D.