IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAN K. VODA, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-03-1512-L |
| | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| CORDIS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND COUNTERCLAIM FOR DECLARATORY RELIEF

Defendant Cordis Corporation ("Cordis"), for its Answer to the Complaint of Plaintiff Jan. K Voda ("Voda"), avers as follows:

### Nature of the Action

1.  Cordis admits that Voda's Complaint purports to state a claim for patent infringement, denies that Cordis owes Voda damages, and denies that Cordis made or makes, sold or sells, and offered to sell or offers to sell any product that infringes U.S. Patent Nos. 5,445,625, 6,083,213 or 6,475,195 (respectively, the "'625 patent," the "'213 patent" and the "'195 patent" or, collectively, the "patents in suit").

### The Parties

2.  Cordis admits on information and belief that Voda is an individual residing in Oklahoma City, Oklahoma and states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 2 of the Complaint.

3.  Cordis admits that it is a corporation organized under the laws of the State of Florida

with a place of business in Florida, and admits that Cordis makes and sells medical devices relating to coronary angioplasty and denies the remaining averments of paragraph 3 of the Complaint. Jurisdiction and Venue.

## Jurisdiction and Venue

4. Cordis admits that Voda purports to base subject matter jurisdiction on 28 U.S.C. § 1338, admits that Voda purports to state a claim for patent infringement, and denies the remaining averments of paragraph 4 of the Complaint.

5. Cordis admits that it sells medical products, including catheters, stents and related products, within this judicial district and the State of Oklahoma and that for that reason Cordis is subject to personal jurisdiction in this Court.

6. Cordis admits that Voda purports to base venue on 28 U.S.C. § 1391(a), and denies the remaining averments of paragraph 6 of the Complaint.

## Background

7. Cordis admits that the '625 patent issued on August 29, 1995, admits that the '625 patent states that the application was filed on June 14, 1994, admits that the '625 patent states that Voda is the inventor, admits that the '625 patent states that it is a "Continuation-in-part of Ser. No. 622,873, Jan. 23, 1991, abandoned," and states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 7 of the Complaint.

8. Cordis admits that the '213 patent issued on July 4, 2000, admits that the '213 patent states that the application was filed on May 13, 1997, admits that the '213 patent states that Voda is the inventor, admits that the '213 patent states that it is a "continuation-in-part of application No. 07/622,873, Jan. 23, 1991, abandoned," and states that it is without knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 8 of the Complaint.

9.   Cordis admits that the '195 patent issued on November 5, 2002, admits that the '195 patent states that the application was filed on May 1, 2000, admits that the '195 patent states that Voda is the inventor, admits that the '195 patent states that it is a "continuation of application No. 07/622,873, Jan. 23, 1991, now abandoned," and states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 9 of the Complaint.

10.   Cordis admits that each of the patents in suit is entitled "Angioplasty Guide Catheter" and states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments of paragraph 10.

11.   Cordis admits that on or around March 14, 2002, E. Harry Gilbert, III contacted Donald O'Dwyer asserting that Cordis's "marketing material [for Cordis's X-B series of guiding catheters] indicates infringement of at least the 6,083,213 patent," and denies the remaining averments of paragraph 11 of the Complaint.

12.   Cordis admits that correspondence was exchanged between Mr. Gilbert and Henry W. Collins and that, on or about June 20, 2002, Mr. Collins sent Mr. Gilbert a letter stating that "Cordis does not see a reason to obtain a license, or sublicense, under these patents at this time," and denies the remaining averments of paragraph 12 of the Complaint.

## COUNT I

### Willful Patent Infringement

13.   Cordis incorporates by reference its responses to paragraphs 1-12 of the Complaint

above as if they were fully set forth herein.

14. Cordis admits that it makes, offers for sale and sells an "XB" series of guiding catheters and denies each and every remaining averment of paragraph 14 of the Complaint.

15. Cordis denies each and every averment of paragraph 15 of the Complaint.

16. Cordis denies each and every averment of paragraph 16 of the Complaint.

17. Cordis denies each and every averment of paragraph 17 of the Complaint.

## AFFIRMATIVE DEFENSES

18. The claims of the patents in suit are invalid for failure to comply with one or more of the requirements of Sections 101, 102, 103 and 112 of Title 35 of the United States Code.

19. Cordis has not infringed and does not infringe any claim of any of the patents in suit.

20. By reason of the prior art and statements made to the United States Patent and Trademark Office during prosecution of the applications that led to the issuance of the '625, '213 and '195 patents, the patents in suit are so limited that none of their claims can be construed as being infringed by Cordis.

21. Voda is barred by laches from recovering damages for alleged infringement occurring prior to the filing of the Complaint.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

As and for its counterclaim against counterclaim-defendant Voda, defendant and counterclaim-plaintiff Cordis avers as follows:

1. Upon information and belief, Voda is an individual residing in Oklahoma City, Oklahoma.

2. Cordis is a corporation organized and existing under the laws of the State of Florida,

having its principal place of business at 14201 N.W. 60th Avenue, Miami Lakes, Florida 33014.

3.      This counterclaim arises under the Declaratory Judgment Act and the Patent Laws of the United States, more particularly under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. §§ 100 et seq., respectively.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1338 and 2201.

4.      An actual and justiciable controversy exists between Cordis and Voda as to the infringement and validity of the patents in suit, as evidenced, inter alia, by the Complaint and Answer in this action.

5.      On information and belief, the claims of the patents in suit are invalid for failure to comply with one or more of the requirements of Sections 101, 102, 103 and 112 of Title 35 of the United States Code.

6.      Cordis has not infringed and does not infringe any claim of any of the '625, '213 or '195 patents.

7.      By reason of the prior art and statements made to the United States Patent and Trademark Office during prosecution of the applications that led to the issuance of the '625, '213 and '195 patents, the patents in suit are so limited that none of their claims can be construed as being infringed by Cordis.

8.      Voda is barred by laches from recovering damages for alleged infringement occurring prior to the filing of the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Cordis prays that the Court enter judgment against Voda:

1.      Dismissing Voda's Complaint with prejudice;

2.      Enjoining Voda and all parties in active concert with him from asserting any of the

patents in suit against Cordis;

   3. Declaring that the claims of the patents in suit are invalid;

   4. Declaring that the claims of the patents in suit are not infringed by Cordis;

   5. Declaring that this is an exceptional case under 35 U.S.C. § 285, and awarding Cordis its reasonable attorney fees and expenses of this action; and

   6. Granting Cordis such other further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Defendant and counterclaim-plaintiff Cordis demands a jury trial on its counterclaim.

       Respectfully submitted,


       s/Clyde A. Muchmore

       CLYDE A. MUCHMORE, OBA #6482
       JUSTIN C. SULLIVAN, OBA #19951

        - Of the Firm -

       CROWE & DUNLEVY
       A Professional Corporation
       20 North Broadway, Suite 1800
       Oklahoma City, Oklahoma 73102-8273
       (405) 235-7734
       (405) 272-5211 (FAX)

       ATTORNEYS FOR DEFENDANT
       CORDIS CORPORATION

Of Counsel:

John M. DiMatteo
Kelsey I. Nix
Michael D. Maimin
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York  10019-6099
(212) 728-8000
(212) 728-8111 (FAX)

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above and foregoing was mailed, postage prepaid, this 5th day of January, 2004, to:

John A. Kenney
McAFEE & TAFT
A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102-7103

Mitchell G. Stockwell
Aleta A. Mills
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309

                                                          s/Clyde A. Muchmore