IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAN K. VODA, M.D., | ) | |
| | ) | |
|     Plaintiff and Counterclaim Defendant, | ) ) | |
| | ) | |
| v. | ) | No. CIV-03-1512-L |
| | ) | |
| CORDIS CORPORATION, | ) | |
| | ) | |
|     Defendant and Counterclaim Plaintiff. | ) ) | |

## **O R D E R**

On October 30, 2003, plaintiff filed this action seeking damages for alleged infringement of three patents issued by the United States Patent and Trademark Office. This matter is now before the court on plaintiff's motion to amend the complaint to assert that defendant is also infringing Canadian and European patents ("the foreign patents") issued to plaintiff. Defendant objects to plaintiff's proposed amendment, arguing that the court would not have subject matter jurisdiction over the foreign patents claim.

Analysis of plaintiff's request begins with the principle that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v.

U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993) (citations omitted). In support of its jurisdictional argument, defendant cites Mars Inc. v. Kabushiki-Kaisha Nippon Conlux, 24 F.3d 1368 (Fed. Cir. 1994), for the proposition "that 'U.S. courts do not have . . . supplemental jurisdiction to litigate foreign patents' in the same action with U.S. patents." Cordis' Opposition to Dr. Voda's Motion for Leave to File an Amended Complaint at 4 (emphasis in original) (citation omitted). Mars, however, does not support such a broad rule. Rather, the court in Mars took pains to distinguish the facts in that case from those in Ortman v. Stanray, 371 F.2d 154 (7th Cir. 1967), where "[a]ll of the actions of defendant of which complaint is made are the result of defendant doing similar acts both in and out of the United States." Mars Inc., 24 F.3d at 1374 (*quoting* Ortman, 371 F.2d at 158). The allegations in the amended complaint demonstrate that this case is more akin to Ortman than to Mars. Based on those allegations, the court finds that it would have supplemental jurisdiction over the foreign patents claim. Defendant's objections are therefore overruled.

In short, given the liberal policy in favor of granting motions to amend, the court finds that Plaintiff's Opposed Motion for Leave to File First Amended Complaint for Patent Infringement (Doc. No. 31) is GRANTED. Plaintiff shall file his amended complaint within **five (5) days** of the date of this Order. In light of this ruling, the court *sua sponte* revises the schedule for the filing of *Markman* briefs. This matter shall be governed by the following schedule:

| | |
|---|---|
| November 16, 2004 | Parties to file opening *Markman* briefs |
| December 13, 2004 | Parties to file responsive briefs |
| December 30, 2004 | Factual discovery to be completed |
| July 2005 | Tentative trial docket |

By separate Order, the court will schedule this matter for a subsequent status conference to be held in February 2005.

It is so ordered this 2nd day of August, 2004.

_____
TIM LEONARD
United States District Judge