IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAN K. VODA, M.D., ) | |
| ) | |
|    Plaintiff and Counterclaim ) | |
|    Defendant, ) | |
| ) | |
| v. ) | No. CIV-03-1512-L |
| ) | |
| CORDIS CORPORATION, ) | |
| ) | |
|    Defendant and Counterclaim ) | |
|    Plaintiff. ) | |

## **O R D E R**

On October 30, 2003, plaintiff filed this action seeking damages for alleged infringement of three patents issued by the United States Patent and Trademark Office. Thereafter, plaintiff filed a motion to amend the complaint to assert that defendant is also infringing Canadian and European patents ("the foreign patents") issued to plaintiff. Cordis objected to plaintiff's proposed amendment, arguing that the court would not have subject matter jurisdiction over the foreign patents claim. In an Order issued August 2, 2004, the court rejected defendant's arguments and granted plaintiff's motion to amend. Plaintiff filed his amended complaint on August 3, 2004.

This matter is before the court on Cordis' Motion for Reconsideration, or, in the Alternative, Motion for Certification Under 28 U.S.C. § 1292(b) of the Court's August 2, 2004 Order. A "motion to reconsider" is not among the motions recognized by the

Federal Rules of Civil Procedure. As Cordis' motion to reconsider was not filed within the time limits of Rule 59(e)[1], the court will treat the motion as a motion made pursuant to Rule 60(b).[2] *See* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b). *See also* Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990). Such relief is appropriate only "when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." Casner v. Freedom Stores, Inc., 98 F.3d 572, 580 (10th Cir. 1996). Based on these standards, the court finds that Cordis has failed to demonstrate that relief is warranted. Cordis' Motion for Reconsideration (Doc. No. 45) is therefore DENIED.

The court, however, grants Cordis' alternative motion to certify the court's August 2, 2004 ruling to the Court of Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1292(b), which provides that:

---

[1] A Rule 59 motion must be filed within ten days of the date of the order or judgment; this time period cannot be extended by agreement of the parties or by order of the court. Fed. R. Civ. P. 59(b); Fed. R. Civ. P. 6(b). The court's Order was issued August 2, 2004; ten days from that date, as calculated by the Federal Rules of Civil Procedure, was August 16, 2004. *See* Fed. R. Civ. P. 6(a). Defendant's motion was filed on August 27, 2004.

[2] In its motion, Cordis did not specify the rule under which it sought reconsideration, leaving it to the court to divine the reason for the requested relief. Cordis asserts that reconsideration should be granted to prevent manifest injustice, a reason that would fit within the ambit of Fed. R. Civ. P. 60(b)(6).

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). The court finds that the issue of its jurisdiction over the foreign patents presents a controlling question of law on which a substantial ground for difference of opinion exists and the resolution of which would materially advance the ultimate resolution of this action. The court is loathe to put the parties to the expense of litigating the foreign patents if indeed it does not have subject matter jurisdiction over those claims. Therefore, Cordis' Alternative Motion for Certification Under 28 U.S.C. 1292(b) of the Court's August 2, 2004 Order (Doc. No. 45) is GRANTED. Should the Federal Circuit permit the appeal to be taken, proceedings in this action with respect to the domestic patents shall continue unabated during the pendency of that appeal. The severability of litigation regarding the foreign patents will be discussed at the status conference following the *Markman* hearing on February 2, 2005.

It is so ordered this 7th day of January, 2005.

*Tim Leonard*
TIM LEONARD
United States District Judge