IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JAN K. VODA, M.D.,                        )
                                          )
    Plaintiff and Counterclaim        )
    Defendant,                        )
                                          )
v.                                        )   No. CIV-03-1512-L
                                          )
CORDIS CORPORATION,                       )
                                          )
    Defendant and Counterclaim        )
    Plaintiff.                        )

# O R D E R

Based on the parties' briefs and the argument presented at the pretrial conference held on May 9, 2006, the court issues the following rulings on the parties' motions in limine.

**Plaintiff's Consolidated Motion in Limine (Doc. No. 253)**

Given the court's May 1, 2006 Order (Doc. No. 278), plaintiff's motion is moot with respect to Exhibits 12, 23, 24, 27 and 29 to Cordis' Motion for Summary Judgment and the Bourassa catheter. The motion is DENIED with respect to defendant's use of the replica catheters; plaintiff's arguments go to the weight of this evidence and not its admissibility. Plaintiff's motion is also DENIED as to evidence regarding the Amplatz catheters. With respect to Cordis' reliance on prior art, the court finds that in addition to the prior art disclosed in its answers to interrogatories and revealed in the summary judgment briefing, Cordis will be permitted to refer to

the prior art references disclosed in the patents themselves. To that extent, the motion is DENIED. It appears plaintiff's motion is also moot with respect to Cordis' reliance on legal opinions. Counsel for Cordis advised the court that Cordis either has or will provide all attorney/client communications concerning the subject matter of the opinions to plaintiff. Plaintiff's request to exclude what he refers to as trademark/naming agreements is DENIED. The agreements are highly relevant to the issue of damages. Finally, plaintiff requests that he be permitted to play the video deposition of a former Cordis employee, Sally Pellegrino, during his case in chief.[1] Defendant proposed that plaintiff's case in chief remain open until after he has had an opportunity to cross-examine Mrs. Pellegrino. While defendant's suggestion appears reasonable, the court will not preclude plaintiff from presenting Mrs. Pellegrino during his case in chief through her video deposition. Plaintiff may, however, present her testimony live during defendant's case. If plaintiff chooses to do so, he may not use the deposition during his case in chief and will rest his case subject to calling Mrs. Pellegrino out of turn.

**Plaintiff's Fourth Motion in Limine Concerning Amplatz Catheters (Doc. No. 255)**

Plaintiff seeks to preclude testimony regarding pre-1991 Amplatz catheters, arguing Cordis' witnesses are incompetent to testify. The court finds plaintiff's

---

[1] The motion originally sought the same relief with respect to Cesar Silva. Mr. Silva, however, is not available for trial. The parties therefore agree his video deposition may be shown.

arguments go to the weight of the evidence, not its admissibility. The motion is therefore DENIED with respect to pre-1991 Amplatz catheters. Plaintiff concedes testimony regarding the modern Amplatz catheters is relevant to the issue of damages, but asks the court for a limiting instruction. The motion in limine is DENIED, but the court reserves ruling on whether a limiting instruction may be warranted.

### Cordis' Motion to Preclude Dr. Voda from Referring to his Foreign Patents or to Injunctive Relief During the Trial (Doc. No. 257)

With respect to injunctive relief, the motion is moot as plaintiff concedes injunctive relief is an issue for the court, rather than the jury. Should the jury return a verdict for plaintiff on the issue of infringement, the parties will be permitted to address whether plaintiff may seek such relief and whether such relief is warranted in this case.

The court GRANTS the motion with respect to plaintiff's Canadian and European patents ("the foreign patents"). On August 2, 2004, the court granted plaintiff permission to file an amended complaint asserting defendant's infringement of the foreign patents. Thereafter, the court granted defendant's motion to appeal that ruling to the Court of Appeals for the Federal Circuit, as this court's jurisdiction to hear that dispute was in question. The foreign patents are thus not before the court, and defendant contends "there is a substantial danger of jury confusion if five additional foreign patents are mentioned to the jury." Cordis' Motion *In Limine* to

Preclude Dr. Voda from Referring to his Foreign Patents or to Injunctive Relief During Trial at 2. The court agrees. Moreover, contrary to plaintiff's argument, the issuance of foreign patents is not relevant to the determination of obviousness. *See* Application of Goodman, 476 F.2d 1365, 1369 (C.C.P.A. 1973). Plaintiff, therefore, will not be permitted to introduce the foreign patents as exhibits or to inform the jury that he received counterpart patents on the inventions at issue.

**Cordis' Motion to Set the Order of Proofs at Trial (Doc. No. 258)**

Given plaintiff's concession that this order of proof is reasonable, the motion is moot as to that issue. The motion initially also sought to bifurcate the willfulness issue, but defendant has withdrawn this request. The court will, in general, adhere to the order of proof reflected in defendant's motion, but recognizes that strict adherence to it may be impossible given that evidence may be relevant to both infringement and invalidity.

**Cordis' Motion to Preclude Dr. Voda from Referring to the Presumption of Validity (Doc. No. 259)**

The patent act provides "[a] patent *shall* be presumed valid." 35 U.S.C. § 282 (emphasis added). Defendant seeks to preclude plaintiff from mentioning this presumption of validity to the jury. At the pretrial conference, plaintiff indicated he did not intend to present any witness who would testify as to the presumption; rather, plaintiff seeks to refer to the presumption during closing argument.[2] The Federal

---

[2]Plaintiff also indicated his desire to refer to the presumption during opening statement, which the court denies. Opening statements are not argument and counsel should refrain from

Circuit recently discussed the presumption of validity in the context of jury instructions.

> Chiron argues that the district court erred by instructing the jury on Genentech's burden of proof without also adding an instruction on the presumption of the '561 patent's validity.  This court disagrees, because the presumption of validity and heightened burden of proving invalidity "are static and in reality different expressions of the same thing – a single hurdle to be cleared." *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1360 (Fed. Cir. 1984); *see also Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1319 (Fed. Cir. 2003). Moreover, this court has explained:  "[T]he presumption is one of law, not fact, and does not constitute 'evidence' to be weighed against the challenger's evidence."  *Avia Group Int'l Inc. v. L.A. Gear Cal., Inc.*, 853 F.2d 1557, 1562 (Fed. Cir. 1988).  Therefore, the district court did not err in declining to include a jury instruction on the presumption of validity because the jury applied the correct "clear and convincing evidence" standard.

<u>Chiron Corp. v. Genentech, Inc.</u>, 363 F.3d 1247, 1258-59 (Fed. Cir. 2004), *cert. denied*, 543 U.S. 1050 (2005).  The court will instruct the jury on the appropriate burden of proof.  Defendant's motion to preclude plaintiff from referring to the presumption of validity is therefore GRANTED.

### **Cordis' Motion to Preclude Dr. Voda from Calling William Kingston, Marty Lundeen, Tracy Rosecrans, Dale Spencer or Henry Pepin (Doc. No. 260)**

This motion is moot with respect to Tracy Rosecrans, Dale Spencer, and Henry Pepin as plaintiff does not intend to call them during his case in chief.  Cordis argues plaintiff should not be permitted to present testimony by Messrs. Kingston

---

discussing law during opening.

and Lundeen because Cordis was unable to take a 30(b)(6) deposition of Boston Scientific Corporation during discovery. More than two months before completion of fact discovery, plaintiff identified Messrs. Kingston and Lundeen *by name*. Cordis did not seek to depose them and did not move to compel the 30(b)(6) deposition of Boston Scientific. Defendant does not present sufficient reason to preclude their testimony. The motion is therefore DENIED.

**Plaintiff's Motion to Enforce 35 U.S.C. § 282 (Doc. No. 268)**

At the pretrial conference, the parties conceded this motion is moot given the court's prior rulings.

**Cordis' Motion to Preclude Dr. Voda from Presenting Cumulative Expert Testimony (Doc. No. 286)**

Based on plaintiff's response, this motion is DENIED; it does not appear that the witnesses are offering duplicative testimony. In addition, this motion was not timely filed. Motions in limine were due on April 14, 2006. This motion was not filed until May 2, 2006.

In sum, Plaintiff's Consolidated Motion in Limine Concerning Various Pre-Trial Matters (Doc. No. 253) is DENIED except as noted above. Plaintiff's Fourth Motion *In Limine* Concerning Defendant's Amplatz Prior Art Defense and Materials (Doc. No 255) is DENIED. Cordis' Motion *In Limine* to Preclude Dr. Voda from Referring to his Foreign Patents or to Injunctive Relief During the Trial (Doc. No. 257) is

GRANTED.  Cordis' Motion *In Limine* to (1) Set the Order of Proofs at Trial and (2) Bifurcate the Willful Infringement Issue (Doc. No. 258) and Plaintiff's Motion to Enforce 35 U.S.C. § 282 and to Exclude Cordis' Undisclosed Alleged Prior Art (Doc. No. 268) are moot.  Cordis' Motion *In Limine* to Preclude Dr. Voda from Referring to the Presumption of Validity in the Presence of the Jury (Doc. No. 259) is GRANTED.  Cordis' Motions *In Limine* to Preclude Dr. Voda from Calling William Kingston, Marty Lundeen, Tracy Rosecrans, Dale Spencer or Henry Pepin as Trial Witnesses (Doc. No. 260) and to Preclude Dr. Voda from Presenting Cumulative Expert Testimony (Doc. No. 286) are DENIED.

    It is so ordered this 10th day of May, 2006.

                                                   */s/ Tim Leonard*
                                                   TIM LEONARD
                                                   United States District Judge