IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAN K. VODA, M.D., | ) |
| | ) |
|     Plaintiff and Counterclaim Defendant, | ) ) ) |
| v. | ) No. CIV-03-1512-L |
| | ) |
| CORDIS CORPORATION, | ) |
| | ) |
|     Defendant and Counterclaim Plaintiff. | ) ) ) |

# **O R D E R**

On May 24, 2006, the court orally issued rulings regarding the parties' motions for judgment as a matter of law. This Order briefly recounts the court's reasoning with respect to those motions. Rule 50 provides that:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Fed. R. Civ. P. 50(a). In ruling on a motion for judgment as a matter of law, the court must view the evidence in the light most favorable to the party opposing the motion to determine whether there is evidence upon which the jury could properly return a verdict in that party's favor. Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1546 (10th Cir.), *cert. denied*, 519 U.S. 928 (1996). The court does not weigh the evidence, determine the credibility of the witnesses, or substitute its conclusions

for that of the jury. Judgment as matter of law is only proper when "viewed in the light most favorable to the nonmoving party, the evidence and all reasonable inferences to be drawn therefrom point but one way, in favor of the moving party." Mitchell v. Mobil Oil Corp., 896 F.2d 463, 467 (10th Cir.), *cert. denied*, 498 U.S. 898 (1990).

If there is evidence tending to support the non-moving party's theory of recovery or defense, judgment as a matter of law is inappropriate. The following motions were denied on that basis: plaintiff's motion for judgment as a matter of law on direct infringement of claims 1-3 of the '213 patent; plaintiff's motion for judgment as a matter of law on contributory infringement of the '213 patent; plaintiff's motion for judgment as a matter of law as to validity of claims 1-3 of the '213 patent; plaintiff's motion for judgment as a matter of law on infringement under the doctrine of equivalents; defendant's motion for judgment as a matter of law as to validity of claims 1-3 of the '213 patent; defendant's motion for judgment as a matter of law on direct infringement; defendant's motion for judgment as a matter of law on contributory infringement of the '213 patent; defendant's motion for judgment as a matter of law regarding sufficiency of the evidence to support plaintiff's claim of infringement by inducement; defendant's motion for judgment as a matter of law on infringement under the doctrine of equivalents; and defendant's motion for judgment as a matter of law on the issue of willfulness.

Defendant moved for judgment as a matter of law that the doctrine of laches barred any pre-complaint damages for infringement of the patents-in-suit. In addition, defendant argued prosecution laches rendered the '213 and '195 patents unenforceable. Plaintiff orally cross-moved for judgment as a matter of law in his favor on both laches defenses. The equitable defense of laches is committed to the sound discretion of the trial court. See A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1032 (Fed. Cir. 1992)(*en banc*). In support of this affirmative defense, defendant has the burden of proving two factors: first, that plaintiff's delay in filing suit was "unreasonable and inexcusable" and second, that the delay caused material prejudice to defendant. Id. The period of delay is measured from when plaintiff knew or should have known of the infringement, but in no event begins earlier than the date the patent was issued. Id. In this case, the longest possible period of delay is approximately eight years, from August 29, 1995, the date the '625 patent issued, until October 30, 2003, the date this action was filed. Because the delay is more than six years, a presumption of laches as to the '625 patent arises.[1] Id. at 1035. The presumption can be overcome, however, by plaintiff's raising a genuine issue as to either the delay factor or the prejudice prong. The court finds plaintiff has done so in this case. The court must then determine whether defendant has met its ultimate burden of persuasion that laches applies.

---

[1] No such presumption can arise with respect to the '213 or the '195 patents as this action was filed less than six years after issuance of those patents on July 4, 2000 and November 5, 2002, respectively.

The court finds defendant has not demonstrated it suffered material prejudice as a result of the delay.

> Material prejudice to adverse parties resulting from the plaintiff's delay is essential to the laches defense. Such prejudice may be either economic or evidentiary. Evidentiary, or "defense" prejudice, may arise by reason of a defendant's inability to present a full and fair defense on the merits due to the loss of records, the death of a witness, or the unreliability of memories of long past events.
>
> Economic prejudice may arise where a defendant and possibly others will suffer the loss of monetary investments or incur damages which likely would have been prevented by earlier suit. Such damages or monetary losses are not merely those attributable to a finding of liability for infringement.

Id. at 1032-33.

Defendant argues it suffered evidentiary prejudice because the engineer who designed the XB series catheters did not remember various details of the development work. Plaintiff counters, and the court finds, that Mr. Silva had sufficient recollection of the design process, particularly given the fact that his engineer notebook was available. Defendant has not demonstrated the unreliability of any memories or that any records were lost due to the pre-suit delay. Defendant's claim that it suffered economic prejudice because it "made a substantial investment in promoting its XB catheter line, rather than another of the many alternatives that

were available in 1994"[2] is unavailing.  In examining economic prejudice, the court must examine changes in position that occurred during the period of the delay, that is after August 29, 1995.  A.C. Aukerman Co., 960 F.2d at 1033.  Decisions made prior to that date are irrelevant.  State Contracting & Eng'g Corp. v. Condotte America, Inc., 346 F.3d 1057, 1066 (Fed. Cir. 2003).  Moreover, the court finds plaintiff presented sufficient evidence of conscious copying, which tilts the equities in plaintiff's favor.  The court therefore exercises its discretion and denies Cordis' Motion for Judgment as a Matter of Law Regarding the Doctrine of Laches (Doc. No. 328) and grants plaintiff's oral motion for judgment on the defense.

The parties also cross-moved for judgment as a matter of law on the defense of prosecution laches.  Prosecution laches, unlike the simple laches defense, can render a patent unenforceable.[3]  Symbol Techs., Inc. v. Lemelson Med., Educ. & Research Found., LP, 422 F.3d 1378, 1385 (Fed. Cir. 2005). For prosecution laches to apply, however, the delay before the Patent and Trademark Office must be unreasonable and unexplained.  In this case, there was no evidence plaintiff unjustifiably delayed prosecution of the '213 or '195 patents or abused the statutory prosecution filing system.  The case cited by defendant is simply inapposite; in Lemelson, 18 to 39 years elapsed between filing and issuance of the patents-in-suit.

---

[2]Cordis' Motion for Judgment as a Matter of Law Regarding the Doctrine of Laches, and Memorandum of Law in Support Thereof at 5.

[3]Laches bars recovery of pre-suit damages, but does not render a patent unenforceable. See A.C. Aukerman Co., 960 F.2d at 1040-41.

Moreover, the court found the patentee had engaged in "culpable neglect" during the prosecution period and the delay had adversely affected other businesses. Id. at 1386. There is no such evidence in this case. Plaintiff's oral motion for judgment as a matter of law on the defense of prosecution laches is therefore granted.

In its counterclaim, defendant sought declaratory judgment on the validity of the patents-in-suit. Answer and Counterclaim for Relief at 5-6. At the conclusion of trial, however, defendant conceded that it was no longer seeking a declaration as to the validity of the '625 patent, the '195 patent, or claims 4 and 5 of the '213 patent. Thus, defendant agreed to accept judgment as a matter of law on that portion of its counterclaim. Based on defendant's concession, the court grants plaintiff's motion for judgment as a matter of law as to the validity of the '625 patent, the '195 patent, and claims 4 and 5 of the '213 patent. As noted earlier, the court denies plaintiff's motion with respect to claims 1, 2, and 3 of the '213 patent as sufficient evidence was introduced to render that issue a question for the jury.

The final issues relate to the dates from which plaintiff can recover damages. A patentee is entitled to recover damages from the time it gave either constructive or actual notice of its patent rights. Constructive notice is given by marking the patented product or its packaging with "the word 'patent' or the abbreviation 'pat.', together with the number of the patent". 35 U.S.C. § 287(a). If a patentee does not provide constructive notice, the statute provide "no damages shall be recovered by the patentee . . . except on proof that the infringer was notified of the infringement

and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." Id. The § 287 notice provisions, however, do not apply where a patent is directed solely to a process or method. State Contracting & Eng'g Corp., 346 F.3d at 1073.

There is no evidence that plaintiff's catheters were marked with the patent numbers prior to the date this action was filed. Thus, no constructive notice of those patent rights was given. Plaintiff argues he gave actual notice of the '625 patent during meetings with defendant's representatives in the mid-1990s. On March 14, 2002, counsel for plaintiff sent a letter to defendant asserting a "significant issue of infringement raised by Cordis' marketing of its XB series of guiding catheters". Exhibit 1 to Bench Memorandum Regarding Plaintiff's Damages Demonstrative Exhibits and the Duty to Mark. The letter referenced the '213 and the '625 patents, but not the '195 patent, which had not yet issued. Plaintiff asserts, however, that defendant actually obtained a copy of the '195 patent after it issued and thus was aware of it prior to the date this action was filed.

Based on the evidence presented, the court finds plaintiff is entitled to recover damages from the date the '213 patent issued, that is July 4, 2000, as it is a method patent and no notice is required. With respect to the '625 patent, sufficient evidence was presented to create a jury question as to date plaintiff gave actual notice to defendant of the existence of the '625 patent and its possible infringement. A reasonable jury could find that plaintiff gave such notice orally prior to October 30,

1997,[4] in writing on March 14, 2002, or on October 30, 2003 when he filed this action. Actual notice of the '195 patent was not given until this action was filed. It is of no moment that defendant may have actually obtained a copy of the '195 patent prior to that date. The patent act requires the *patentee* give notice. Devices for Med., Inc. v. Boehl, 822 F.2d 1062, 1066 (Fed. Cir. 1987) ("Absent notice, [infringer's] 'knowledge of the patents' is irrelevant."). The court thus denies defendant's motion for judgment as a matter of law regarding damages with respect to the '625 and '213 patents, but grants the motion with respect to the '195 patent.

In sum, the following motions for judgment as a matter of law are DENIED: plaintiff's motion for judgment as a matter of law on direct infringement of claims 1-3 of the '213 patent; plaintiff's motion for judgment as a matter of law on contributory infringement of the '213 patent; plaintiff's motion for judgment as a matter of law as to validity of claims 1-3 of the '213 patent; plaintiff's motion for judgment as a matter of law on infringement under the doctrine of equivalents; defendant's motion for judgment as a matter of law as to validity of claims 1-3 of the '213 patent; defendant's motion for judgment as a matter of law on direct infringement; defendant's motion for judgment as a matter of law on contributory infringement of the '213 patent; defendant's motion for judgment as a matter of law regarding sufficiency of the

---

[4]Section 286 provides that "no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C. § 286. As this action was filed on October 30, 2003, plaintiff cannot recover damages prior to October 30, 1997.

evidence to support plaintiff's claim of infringement by inducement; defendant's motion for judgment as a matter of law on infringement under the doctrine of equivalents; defendant's motion for judgment as a matter of law on the issue of willfulness; defendant's motion for judgment as a matter of law on marking the '213 patent; defendant's motion for judgment as a matter of law regarding the damages period for the '625 patent and the '213 patent; Cordis' Motion for Judgment as a Matter of Law Regarding the Doctrine of Laches (Doc. No. 328); and Cordis' Motion for Judgment as a Matter of Law Regarding Non-Infringement Under the Doctrine of Equivalents (Doc. No. 329).  The court GRANTS plaintiff's motion for judgment as a matter of law as to the validity of the '625 patent, the '195 patent, and claims 1-3 of the '213 patent; plaintiff's motion for judgment as a matter of law as to the affirmative defenses of prosecution laches and laches; and defendant's motion for judgment as a matter of law regarding the damages period for the '195 patent.

It is so ordered this 8th day of June, 2006.

*Tim Leonard*
TIM LEONARD
United States District Judge