IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAN K. VODA, M.D., ) | |
| ) | |
|     Plaintiff and Counterclaim ) | |
|     Defendant, ) | |
| ) | |
| v. ) | No. CIV-03-1512-L |
| ) | |
| CORDIS CORPORATION, ) | |
| ) | |
|     Defendant and Counterclaim ) | |
|     Plaintiff. ) | |

## **O R D E R**

On August 2, 2004, the court issued an order granting plaintiff's motion for leave to file an amended complaint. Order at 2 (Doc. No. 37). In the amended complaint, plaintiff sought to assert claims that defendant infringed plaintiff's Canadian and European patents ("the foreign patents"). The court granted defendant's petition for interlocutory appeal of the August 2, 2004 Order on January 7, 2005. Order at 3 (Doc. No. 119). On February 1, 2007, the Court of Appeals for the Federal Circuit issued an Opinion vacating the court's August 2, 2004 Order. Voda v. Cordis Corp., 476 F.3d 887 (Fed. Cir. 2007). The Court of Appeals held this court "erred in granting leave to amend based on § 1367." Id. at 890. Consistent with the decision of the Court of Appeals for the Federal Circuit, the court DENIES

Plaintiff's Opposed Motion for Leave to File First Amended Complaint for Patent Infringement (Doc. No. 31).[1]

It is so ordered this 25th day of June, 2007.

*Tim Leonard*
TIM LEONARD
United States District Judge

---

[1] On appeal, plaintiff argued that diversity jurisdiction provides an independent basis for jurisdiction over claims relating to the foreign patents. See Voda, 476 F.3d at 905. Plaintiff did not assert diversity as a basis for jurisdiction in his original motion, nor has he sought to do so in this court since the Mandate issued on May 21, 2007. The court therefore deems this argument waived.